U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 3 0 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHEILA GREEN, AS A BENEFICIARY §
OF THE SUNSET TRACE TRUST, §
 §
Plaintiff, §
 §
VS. § NO. 4:17-CV-357-A
 §
WELLS FARGO BANK, N.A., §
 §
Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wells Fargo Bank, N.A., to dismiss. Plaintiff, Sheila Green, as beneficiary of the Sunset Trace Trust, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On March 31, 2017, plaintiff filed her original petition in the 348th Judicial District Court of Tarrant County, Texas, purporting to assert a cause of action for equitable right of redemption. On April 28, 2017, defendant filed its notice of removal, bringing the action before this court.

In her petition, plaintiff alleges that she is a beneficiary of a land trust that acquired an interest in property located at 8845 Sunset Trace Drive, Keller, Texas. She says that she has an

equitable interest in the property that, as a junior lienholder, she will lose when defendant forecloses its lien. She says that she filed the case "as the means to assert her equity of redemption prior to [an] upcoming foreclosure sale." Doc.[1] 1-5 at ¶ 14. Plaintiff sought injunctive relief and a temporary restraining order. The state court papers reflect that a temporary restraining order was granted, but that the hearing on injunctive relief was cancelled. Doc. 1-4 (page 3 of 3).

II.

Ground of the Motion

Defendant contends that plaintiff has failed to plead sufficient facts to state a claim that is plausible on its face.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

IV.

Analysis

To state a claim for equitable right of redemption, a plaintiff must show: (1) she has an equitable or legal right to the property; (2) based on that interest in the property, she would suffer a loss from the foreclosure; and (3) she is ready, willing, and able to redeem the property by paying off the amount of valid and subsisting liens to which the property is subject as well as the amounts expended by the mortgagee in association with the default. 330 Cedron Tr. v. Citimortgage, Inc., No. SA-14-CV-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. Apr. 8, 2015); 9900 Coolidge Trust v. Ocwen Loan Servicing, LLC, No. 4:15-CV-79, 2015 WL 6522824, at *2 (E.D. Tex. Oct. 27, 2015).

4

In this case, plaintiff has done no more than say that she has an interest in the property that she will lose if a certain foreclosure sale proceeds and that she "can protect her interest by negotiating with the primary lienholder." Doc. 1-5 at ¶ 12. Plaintiff has not pleaded any facts to show the value of the lien at issue, how she would pay, her own net worth or assets, or any other information from which the court could infer that plaintiff's right to relief is plausible.

A request for injunctive relief is not a cause of action itself, but simply a form of equitable remedy. <u>Cook v. Wells Fargo Bank, N.A.</u>, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Because plaintiff has not stated a claim, there is nothing on which to base her request for injunctive relief.

V.

<u>Order</u>

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED May 30, 2017.

JOHN McBRYDE
United States District Judge